09-4727-cv
*Buonanotte v. New York State Office of Alcoholism*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
          PIERRE N. LEVAL,
          RICHARD C. WESLEY,
                *Circuit Judges.*

---

FRANK BUONANOTTE, CROSSINGS RECOVERY PROGRAM, INC., CROSSINGS ADDICTION MANAGEMENT, INC., CROSSINGS OF LONG ISLAND, INC., CROSSINGS OF NASSAU COUNTY, INC., CROSSINGS RECOVERY SYSTEMS, INC., CROSSINGS RECOVERY RESIDENCE, INC., WOODFIELD MANOR ASSOCIATES, LLC, WOODFIELD MANAGEMENT, LLC, WOODFIELD GROUP, LLC, WOODFIELD ENTERPRISES, LLC, WOODFIELD EQUITIES, LLC, WOODFIELD HOLDINGS, LLC, CROSSINGS REHABILITATION SERVICES, INC.,
                *Plaintiffs-Appellants,*

    -v.-                        09-4727-cv

NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES, SHARI NOONAN, INDIVIDUALLY AND AS ACTING COMMISSIONER OF NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES, HENRY F. ZWACK, INDIVIDUALLY AND AS EXECUTIVE DEPUTY COMMISSIONER OF NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES,
                *Defendants-Appellees.*

---

FOR APPELLANTS:   LAUREL R. KRETZING, Jaspan Schlesinger LLP, Garden City, NY.

FOR APPELLEES:   ROBERT C. WEISZ, Assistant Solicitor General for the State of New York.

Appeal from the United States Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiffs-Appellants ("Appellants") appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), entered October 13, 2009, which granted Defendants-Appellees ("Defendants") judgment as a matter of law. Appellants commenced this action pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages and ancillary relief. They alleged that Defendants injured their interests in a manner violative of their constitutional rights. Specifically, Appellants contend that Defendants were responsible for the loss of their ability to operate as a business. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellants contend that the District Court erred in granting summary judgment as a matter of law because their

2

evidence had established that Defendants had caused injury to their interests.  However, that argument is unpersuasive. Appellants failed to establish that defendants' actions were the proximate cause of any injuries suffered by them.  The harm to Appellants' business operations was a result of actions taken by an agency of state government independent of that managed by Defendants.  In the absence of proximate cause (herein established as a matter of law), no *prima facie* case under 42 U.S.C. § 1983 can be made.  Accordingly, the District Court properly concluded that none of Appellants' claims were appropriate for submission to a jury.

We have considered Appellants' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```